FRITZ CLAPP (Bar No. 99197)
Attorney at Law
P.O. Box 2517
Beverly Hills, CA 90213
Telephone:888-292-5784
Facsimile: 888-325-4159
E-mail: fritz@fritzclapp.com

Attorney for Plaintiff
GERALD L. BYBEE

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| **GERALD L. BYBEE, an individual,**<br><br>Plaintiff,<br><br>v.<br><br>**ADOBE INC., a Delaware corporation; EUROPOSTERS, s.r.o., a Czech limited liability company d/b/a AB POSTERS; and DOE 1,**<br><br>Defendants. | **Case No. 5:26-cv-14671**<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT; DECLARATORY AND INJUNCTIVE RELIEF; DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

## NATURE OF THE ACTION

1. This action arises from defendants' unauthorized commercial exploitation of Plaintiff Gerald L. Bybee's copyrighted photograph entitled "Sisyphus" (the "Work"). Plaintiff alleges that an unidentified contributor using the name POSMGUYS incorporated protected expression from the Work into two images presented as stock vectors, that Adobe Inc. offered those images for commercial licensing through Adobe Stock, and that EUROPOSTERS, s.r.o., doing business as AB Posters, advertised and offered merchandise reproducing at least one of those images to customers in the United States.

2. Plaintiff seeks damages and profits attributable to acts of infringement actionable under United States copyright law, appropriate declaratory and injunctive relief, and such further relief as the Court determines is warranted.

**PARTIES**

3. Plaintiff Gerald L. Bybee is an individual and the author and copyright owner of the photographic Work. Plaintiff resides in California.

4. Defendant Adobe Inc. ("Adobe") is a Delaware corporation with its principal place of business at 345 Park Avenue, San Jose, California 95110. Adobe conducts substantial business in this District and operates and commercially exploits the Adobe Stock marketplace in the United States.

5. Defendant EUROPOSTERS, s.r.o. ("Europosters") is a company organized under the laws of the Czech Republic. It identifies itself in its website terms as the seller and operator of www.abposters.com and does business under the name "AB Posters." Its published terms list its registered office at Hlavní 4, 252 07 Štěchovice, Czech Republic, and a fulfillment or correspondence location at Žďár nad Metují 139, 549 55, Czech Republic.

6. Defendant DOE 1 is the presently unidentified individual or legal entity that uploaded or supplied the two disputed images to Adobe Stock under the contributor name "POSMGUYS." Plaintiff is ignorant of DOE 1's true name, domicile, and legal capacity and will seek leave to amend the pleading when those facts are ascertained. Plaintiff does not allege that "POSMGUYS" itself is a separate legal entity.

**JURISDICTION AND VENUE**

7. This Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because the claims arise under the Copyright Act, 17 U.S.C. §§ 101 et seq. The requested declaratory relief is authorized by 28 U.S.C. §§ 2201–2202 in connection with an actual controversy arising under federal copyright law.

8. Adobe is subject to personal jurisdiction in this District because its principal place of business is in San Jose, California, and its own challenged Adobe

Stock activities are carried out in or directed from California, including this District.

9. Upon information and belief, Europosters purposefully directs its AB Posters storefront to United States consumers, including by maintaining a United States-facing website at www.abposters.com, presenting merchandise for purchase by U.S. customers, and accepting or soliciting U.S. orders. The particular disputed product is advertised through this U.S.-facing storefront. Plaintiff alleges that Europosters' challenged U.S.-directed offers and any resulting U.S. sales are related to the claims asserted here. Plaintiff will seek jurisdictional discovery concerning sales to California residents, California-focused advertising, fulfillment, and Adobe Stock transactions.

10. Plaintiff currently lacks sufficient facts to allege DOE 1's domicile or California-directed activities with particularity. On information and belief, DOE 1 knowingly submitted the disputed images for commercial licensing through Adobe's California-based marketplace and authorized U.S.-directed distribution; Plaintiff will seek discovery concerning the contributor account, contractual counterparty, communications, payments, and forum contacts.

11. Venue is proper as to Adobe under 28 U.S.C. § 1400(a), because Adobe resides or may be found in this District. Plaintiff alleges venue as to the remaining defendants to the extent they are subject to personal jurisdiction here and may be found here within the meaning of § 1400(a).

## COMMON FACTUAL ALLEGATIONS

12. Bybee created the original photograph "Sisyphus" in 1992 and first published it on November 24, 1992. The original composition, depiction, subject arrangement, and photographic choices include protectable expression, not merely the unprotectable idea or myth of Sisyphus.

13. The United States Copyright Office registered the Work on November 29, 1995, under registration number VA 0000743438, identifying Gerald L. Bybee as claimant. A copy of the public registration record and deposit copy are attached as Exhibit A.

14. Plaintiff has not authorized any defendant to copy, adapt, distribute, publicly display, sublicense, or sell merchandise reproducing the Work, and Plaintiff has not granted POSMGUYS the right to license the Work through Adobe Stock.

15. Adobe Stock offered for license an image entitled "Sisyphus greek myth rolling a rock in a mountain. Guy worker strong figure climb carry goal," assigned Adobe Stock asset ID 545987305, and attributed it to contributor POSMGUYS, at https://stock.adobe.com/images/sisyphus-greek-myth-rolling-a-rock-in-a-mountain-guy-worker-strong-figure-climb-carry-goal/545987305.

16. Adobe Stock separately offered an image bearing a substantially similar title, assigned asset ID 544872815, also attributed to POSMGUYS, at https://stock.adobe.com/images/sisyphus-greek-myth-rolling-a-rock-in-a-mountain-guy-worker-strong-figure-climb-carry-goal/544872815.

17. The Adobe Stock Images reproduce substantial protectible elements of Plaintiff's copyrighted photograph Sisyphus, including its distinctive selection, arrangement, proportions, spatial relationships, and overall visual composition.

In particular, the Adobe Stock Images reproduce the distinctive juxtaposition of an enormous, approximately spherical boulder with a comparatively diminutive human figure struggling to support or propel it upward along a steep, diagonally oriented rock formation. The images preserve the exaggerated proportions between the boulder and human figure, the close physical relationship between them, the dramatic diagonal orientation of the rocky terrain, and the visual emphasis upon the figure's struggle beneath the massive stone.

These similarities extend beyond the unprotectible idea of depicting the Greek myth of Sisyphus. They concern the particular selection, coordination, and arrangement of visual elements through which Plaintiff expressed that subject in his original photograph.

Although the Adobe Stock Images employ altered coloration, textures, cropping, and other stylistic treatments, they retain substantial elements of the distinctive

compositional arrangement embodied in Plaintiff's copyrighted photograph. Plaintiff alleges that the Adobe Stock Images copy protected expression from the Work and constitute unauthorized derivative adaptations thereof.

18. As documented by screenshots captured on November 23, 2026, Adobe displayed both challenged images on Adobe Stock and offered licensing options permitting commercial use. Copies of the Stock pages, their contributor attribution, and identifying asset information are designated Exhibit C.

19. Adobe's stock licensing business entails making images available to prospective licensees, delivering files to authorized purchasers, and collecting revenue from licenses. On information and belief, Adobe stored and reproduced copies of the disputed images on systems it controls and, to the extent licensed to U.S. customers, transmitted copies pursuant to its commercial licensing transactions. The scope of actual downloads, U.S. sales, and associated revenues is presently within Adobe's knowledge.

20. Europosters, through AB Posters, advertised the first disputed image as a "Photography Poster" available for purchase on the U.S.-facing page https://www.abposters.com/sisyphus-greek-myth-rolling-a-rock-in-a-mountain-f545987305. Its product identifier incorporates Adobe Stock asset ID 545987305. A preserved copy of the listing is designated Exhibit D.

21. AB Posters' website describes poster printing and commercial fulfillment. On information and belief, Europosters obtained the image from Adobe Stock or through a person acting under an Adobe Stock license, and used it to display, advertise, reproduce, or manufacture products offered for sale. The precise chain of licensing and the location of any manufacturing and sales are presently unknown.

22. The conduct alleged herein involves separate roles: DOE 1's submission of the disputed images; Adobe's own hosting, display, offering and any reproduction or delivery of licensed image files; and Europosters' downstream advertising, offers,

and any reproduction or sales of posters. Plaintiff does not allege that every defendant committed every act or that all acts occurred in the United States.

23. Defendants did not obtain permission from Plaintiff. Plaintiff is informed and believes that commercial licensing and downstream merchandising diverted opportunities to license the Work legitimately and generated revenues attributable, in part, to the unauthorized use.

24. Plaintiff presently does not know when the two Adobe Stock images were first accepted, placed online, or licensed; the identities of all licensees; the number of licenses issued; the dates or locations of relevant transactions; or whether Europosters has sold or delivered infringing products into this District. Such facts are maintained in defendants' records and are material to territorial liability, the scope of relief, and damages.

25. Upon information and belief, defendants' infringing uses continue or may recur absent injunctive relief. Plaintiff seeks preservation of the uploader history, image files and versions, moderation and rights-review records, license/download histories, royalties, sales, advertising, and communications relevant to the two asset IDs.

26. The extent to which any defendant received notice, independently investigated rights, or continued infringing conduct after receiving specific notice is to be determined in discovery. Plaintiff alleges willfulness only to the extent the evidence establishes knowledge or reckless disregard; innocent infringement, DMCA defenses, and other defenses are anticipated to be contested.

## FIRST CLAIM FOR RELIEF

### Direct Copyright Infringement — 17 U.S.C. §§ 106, 501 (Against Defendants to the Extent of Their Own Acts)

27. Plaintiff realleges paragraphs 1 through 26.

28. Plaintiff owns a valid, registered copyright in the Work, and defendants had access to and copied protected original expression without authorization.

29. DOE 1, through the creation, copying, adaptation, uploading, or

distribution of the disputed stock images, directly infringed Plaintiff's exclusive rights under § 106, to the extent those acts occurred in the United States or are otherwise actionable under U.S. copyright law.

30. Adobe, by its own volitional acts of reproducing, distributing, or publicly displaying unauthorized copies of the disputed images, including any actionable transactions in the United States, infringed Plaintiff's exclusive rights under § 106.

31. Europosters, to the extent it reproduced or distributed infringing posters in the United States or itself engaged in other domestic acts within § 106, directly infringed Plaintiff's copyright. Its online product display and offers are pleaded as factual conduct; Plaintiff does not assert that an unconsummated offer alone necessarily constitutes infringement of the distribution right.

32. As a direct and proximate result of actionable infringement, Plaintiff suffered injury and defendants obtained revenue or profits attributable to the infringement, amounts to be proved at trial.

## SECOND CLAIM FOR RELIEF

### Contributory Copyright Infringement — 17 U.S.C. § 501 (Against Adobe and, as Supported by Discovery, DOE 1)

33. Plaintiff realleges paragraphs 1 through 31.

34. The direct infringements described above include unauthorized creation and distribution of adapted images, as well as any domestic reproductions, distributions, or other unauthorized uses by downstream licensees.

35. To the extent Adobe had actual knowledge of specific infringement or was willfully blind to the infringing character of these two assets, Adobe materially contributed to or induced further infringement by continuing to supply, license, deliver, or promote those assets after obtaining that knowledge.

36. To the extent DOE 1 knowingly supplied unauthorized images for continued commercial distribution and took material steps beyond the underlying direct infringement, DOE 1 materially contributed to identifiable direct infringement by

others.

37. Plaintiff seeks recovery for secondary liability only upon proof of the underlying direct infringement, requisite knowledge, and material contribution, and subject to any applicable statutory safe harbor.

**THIRD CLAIM FOR RELIEF**

**Vicarious Copyright Infringement — 17 U.S.C. § 501 (Against Adobe)**

38. Plaintiff realleges paragraphs 1 through 36.

39. On information and belief, Adobe retained the contractual and practical ability to approve, reject, disable, remove, and restrict licensing of the two submitted images through Adobe Stock.

40. Adobe received, or had the ability to receive, direct financial benefits from licensing the specific images, including revenue tied to the challenged assets. To the extent Adobe possessed the right and ability to supervise the underlying direct infringement and obtained a direct financial benefit from it, Adobe is vicariously liable, subject to proof and applicable statutory defenses.

**FOURTH CLAIM FOR RELIEF**

**Declaratory Relief — 28 U.S.C. §§ 2201–2202 (Against All Defendants)**

41. Plaintiff realleges paragraphs 1 through 39.

42. An actual controversy exists as to Plaintiff's exclusive copyright rights in the Work, defendants' claimed authority to exploit the disputed images, and the lawfulness of continuing licenses, reproductions, displays, distributions, and downstream merchandise sales.

43. Plaintiff requests a declaration that Plaintiff owns the copyright in the Work, that the challenged images contain protected expression copied without Plaintiff's permission, and that defendants' proven unauthorized acts within the reach of the Copyright Act violate Plaintiff's exclusive rights. The declaratory remedy is sought in conjunction with, and not as duplicative monetary recovery beyond, the substantive infringement claims.

## INJUNCTIVE RELIEF

44. Defendants' continued commercialization of the disputed images threatens injury that money damages alone may not adequately remedy, including impairment of Plaintiff's control over licensing and continuing dissemination of unauthorized adaptations. Upon proof of the applicable equitable factors, Plaintiff seeks preliminary and permanent relief under 17 U.S.C. § 502 narrowly directed at the two identified stock images and materially identical copies, including cessation of unauthorized domestic use, removal of listings within each defendant's control, and discontinuation of infringing product sales. Any impoundment or disposition of infringing copies shall be governed by 17 U.S.C. § 503 and further order.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment as follows:

A. A declaration of ownership and infringement as set forth above;

B. Preliminary and permanent injunctions under 17 U.S.C. § 502, upon the required showing, against further unauthorized acts of infringement and requiring appropriate removal of the two infringing images and related merchandise listings within defendants' control;

C. Actual damages sustained by Plaintiff and profits of each defendant attributable to infringement and not otherwise taken into account under 17 U.S.C. § 504(b), or, at Plaintiff's election, statutory damages under § 504(c), including enhancement for proven willfulness, subject to § 412 and the rule against duplicative recovery;

D. Impoundment and disposition of infringing articles under 17 U.S.C. § 503 as the Court deems appropriate;

E. Taxable costs and reasonable attorney's fees under 17 U.S.C. § 505 to the extent authorized;

F. Prejudgment interest, if available, and postjudgment interest under 28 U.S.C. § 1961;

G. Such additional legal or equitable relief as the Court finds proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Dated: November 24, 2026

FRITZ CLAPP
Attorney for Plaintiff GERALD L. BYBEE



ATION

ate issued under the seal of the Copyright
cordance with title 17, United States Code,
egistration has been made for the work identi-
he information on this certificate has been
of the Copyright Office records.

Marybeth Peters

REGISTER OF COPYRIGHTS
United States of America

# FORM VA

For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

REGI

VA 743-438

EFFECTIVE DATE OF REGISTRATION

NOV 29 1995

Month Day Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

1

TITLE OF THIS WORK ▼ Sisyphus

NATURE OF THIS WORK ▼ See instructions: Photograph

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared Title of Collective Work ▼

If published in a periodical or serial give Volume ▼ Number ▼ Issue Date ▼ On Pages ▼

2 a

NAME OF AUTHOR ▼ Gerald L. Bybee

DATES OF BIRTH AND DEATH Year Born ▼ 1952 Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes ☒ No

AUTHOR'S NATIONALITY OR DOMICILE Name of Country OR { Citizen of ▶ USA / Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK Anonymous? ☐ Yes ☒ No Pseudonymous? ☐ Yes ☒ No If the answer to either of these questions is "Yes," see detailed instructions.

NOTE

Under the law ...

NATURE OF AUTHORSHIP Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture ☐ Map ☐ Technical drawing
☐ 2-Dimensional artwork ☒ Photograph ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work
☐ Design on sheetlike material

b

NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes ☐ No

AUTHOR'S NATIONALITY OR DOMICILE Name of Country OR { Citizen of ▶ / Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK Anonymous? ☐ Yes ☐ No Pseudonymous? ☐ Yes ☐ No If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture ☐ Map ☐ Technical drawing
☐ 2-Dimensional artwork ☐ Photograph ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work
☐ Design on sheetlike material

3 a

YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED This information must be given in all cases. 1992 ◀ Year

b DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK Complete this information ONLY if this work has been published. Month ▶ 11 Day ▶ 24 Year ▶ 1992 USA ◀ Nation

4

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Gerald L. Bybee, Bybee Studios
601 4th Street #301
San Francisco, CA 94107

See instructions before completing this space

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

DO NOT WRITE HERE OFFICE USE ONLY

APPLICATION RECEIVED NOV 29 1995

ONE DEPOSIT RECEIVED NOV 29 1995 2c

TWO DEPOSITS RECEIVED

REMITTANCE NUMBER AND DATE

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page • See detailed instructions • Sign the form at line 8

DO NOT WRITE HERE

Page 1 of ____ pages

**EXHIBIT A**

Adobe Stock images






Bybee Reg. VA 0000743438




**EXHIBIT B**




https://stock.adobe.com/images/sisyphus-greek-myth-rolling-a-rock-in-a-mountain-guy-worker-strong-figure-climb-carry-goal/545987305




https://stock.adobe.com/images/sisyphus-greek-myth-rolling-a-rock-in-a-mountain-guy-worker-strong-figure-climb-carry-goal/544872815

# EXHIBIT C




https://www.abposters.com/sisyphus-greek-myth-rolling-a-rock-in-a-mountain-f545987305

**EXHIBIT D**